EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED<br>April 23, 2025 1:34 PM<br>FILING ID: 6B4656A72AB10<br>CASE NUMBER: 2025CV30625 |
| **Plaintiff: JUANA FLORES**<br><br>V.<br><br>**Defendant: WALMART, INC.** | **σCOURT USE ONLYσ**<br><br>Case Number: |
| *Attorneys for Plaintiff*<br><br>**FLESCH LAW**<br>Kevin C. Flesch, #27278<br>Abigail LeBrun, #59477<br>333 W. Hampden Avenue, Suite 710<br>Englewood, CO 80110-2335<br>Phone: (303) 806-8886<br>Fax: (303) 806-8882<br>Email: kevinflesch@fleschlawfirm.com<br>Email: abigail@fleschlawfirm.com | Division: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** the Plaintiff, Juana Flores (hereafter "Plaintiff"), by and through her undersigned counsel, Kevin Flesch of Flesch Law, for her complaint against Walmart, Inc. (hereafter "Defendants"), states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages as a result of the Defendants' premises liability.

## JURISDICTION AND VENUE

2. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1 above as though fully set forth herein.

3. At all times relevant hereto, Plaintiff was a resident of the State of Colorado.

EXHIBIT A

4. This court has jurisdiction over this action as pursuant to C.R.S. § 13-1-124.

5. Venue is proper under C.R.C.P. 98(c) because the venue where this incident occurred was in Adams County Colorado.

**GENERAL ALLEGATIONS**

6. Plaintiff hereby incorporates paragraphs 1-5 by reference.

7. On or about July 31st, 2023, located at 5990 Dahlia St., Commerce City, Colorado 80022.

8. Plaintiff was there grocery shopping.

9. While walking in the parking lot to put groceries away in her car, Plaintiffs foot suddenly went into a hole in the ground next to her vehicle, causing her to fall.

10. Ms. Flores had pain in her lower right leg

11. Ms. Flores was taken via ambulance to Presbyterian/St. Lukes Medical Center for immediate treatment.

12. Ms. Flores had a possible nondisplaced lateral malleolus fracture where the pain was detected.

13. Ms. Flores was put in a splint.

14. Ms. Flores now has difficulties performing basic daily activities, such as sleeping, walking, standing, house cleaning, and driving.

15. Ms. Flores continues to have numbness in her right toes and leg.

16. Plaintiff was asymptomatic prior to the collision caused by Defendant.

17. At all times relevant to Plaintiff's claim, Defendant owned the real property or managed it as Walmart, located at 5990 Dahlia St., Commerce City, Colorado 80022.

EXHIBIT A

18. On July 31st, 2023, and at all times relevant to Plaintiff's claim, Defendants were in possession of the property, were legally responsible for the activities conducted or circumstances existing on said property and was therefore a "landowner" as defined in C.R.S. §13-21-115(1).

19. On July 31st, 2023, the Plaintiff was on or near the property owned by the Defendants and was at the said property as an "invitee" as defined in C.R.S. §13-21-115(5)(a).

20. Upon information and belief, the Defendant knew or should have known the hole was present and would create a hazard for pedestrians when invitees were instructed to park in the lot to gain access to the facility.

21. The Defendants knew or should have known that invitees would need to cross the parking lot after leaving Walmart.

22. The Defendants knew or should have known that because the hole was not covered and it was not marked that invitees would be unaware of any danger without an adequate warning.

23. The Defendant failed to warn the plaintiff or any invitee of the dangers present.

24. The incident caused severe injuries to Plaintiff. Plaintiff suffered substantial injuries as a result of the severe and gross negligence of Defendant.

25. As a direct result of the dangerous condition on the Defendants' property, Plaintiff sustained significant injuries for which she is still suffering.

26. The Defendant had a duty to ensure that the dangerous condition did not exist on the property and to exercise reasonable care on the property.

27. The Defendant carelessly and negligently failed to maintain their property, sidewalks, and parking lots. The Defendant knew or should have known of the dangerous conditions this failure created and knew or should have known injury would likely result.

EXHIBIT A

28. Plaintiff has incurred damages, including substantial medical bills from treatment of her injuries, and continuing emotional injuries.

**CLAIM FOR RELIEF**
**(Negligence Pursuant to Premise Liability)**

29. Plaintiff incorporates herein all allegations contained in paragraphs 1-28 by reference.

30. The Defendant, as landowner, were legally responsible for the activities conducted or circumstances existing on the property.

31. The Defendant had a legal duty to Plaintiff to be aware of the conditions and circumstances that existed on the property, and to ensure that the property was safe.

32. By negligently failing to maintain the property the Defendant breached their legal duty.

33. Upon information and belief, the Defendant knew or should have known of the danger created but failed to warn the Plaintiff of the hazard present on the property.

34. The Defendant' negligence was the direct and proximate cause of Plaintiff's injuries.

35. Plaintiff has sustained continuing physical injuries, emotional injuries, and substantial medical costs related to her injuries as a direct result of the Defendants negligence.

35. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiff suffered injuries and damages, from the accident, as follows:

a. Cost for medical treatment, past and future;

b. Mental anguish and duress during and after the accident;

c. Physical pain and suffering during and after the accident;

d. Loss of enjoyment of life, and;

e. Attorney fees and costs.

EXHIBIT A

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays the Court as follows:

A. That this Court enter a judgment against the Defendant concerning all claims for relief contained herein, and for Plaintiff in an amount to be determined at trial;

B. Damages caused by the accident to include, but not limited to: past and future medical costs for treatment, mental anguish and duress during and after the accident, physical pain and suffering during and after the accident, and loss of enjoyment of life.

C. That Plaintiff be awarded costs, expert witness fees, reasonable attorney's fees, pre- and post-judgment interest, and other appropriate and necessary costs of maintaining this action;

D. Any further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED IN THE PLEADINGS**

Respectfully submitted this April 24, 2025.

**FLESCH LAW**

*This document was e-filed pursuant to C.R.C.P. 121. A duly executed original of this document is on file at the Flesch Law and is available upon request.*

*S/Abigail LeBrun*

______________________________

Abigail LeBrun, #59477
Attorney for Plaintiff

Plaintiff's Address:

7950 Oneida St.
Commerce City, CO, 80222